O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-2542 AHM (RCx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | MARGARITA JUAREZ v. FEDERAL HOME LOAN MORTGAGE CORPORATION | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:      Attorneys **NOT** Present for Defendants:

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

## I.      INTRODUCTION

On February 10, 2010, Plaintiff Margarita Juarez, represented by one Dionne Mateas, Esq., filed her Complaint in state court against Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac"), Chase Home Finance, LLC ("Chase"), and Cal Western Reconveyance Corporation ("Cal Western").[1] She asserted several state claims, all arising out of foreclosure proceedings involving her residential property: (1) conversion, (2) fraudulent misrepresentation, (3) cancellation of instrument, and (4) quiet title. On April 7, 2010, Defendant Freddie Mac removed to federal court on the basis of its status as a federal agency. On June 28, 2010, Freddie Mac and Chase filed separate motions to dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiff has not filed an opposition to this motion. The Court held a hearing on these motions on August 2, 2010, at which Plaintiff's counsel failed to appear. The failure to file an opposition to a motion may be deemed consent to the granting of that motion. Local Rule 7-12.

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss.[2]

## II.      FACTUAL BACKGROUND

---

[1]Cal Western has not filed a motion to dismiss and does not even appear to have been served. According to the docket, it does not have any attorneys on record with the court.

[2]Dkt. Nos. 8, 9.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2542 AHM (RCx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | MARGARITA JUAREZ v. FEDERAL HOME LOAN MORTGAGE CORPORATION | | |

On or about June 12, 2007, Plaintiff obtained a loan from Chase to finance her residential property, secured by a Deed of Trust ("DOT") encumbering the property. Freddie Mac RJN, Ex. A (description of the property); Ex. B. (DOT of first mortgage); Chase RJN, Ex. 1 (same).[3] On June 22, 2007, Plaintiff then obtained a second mortgage on the property, also with Chase named as the beneficiary. Chase RJN, Ex. 2 (DOT of second mortgage). Freddie Mac was not a party to either loan at this time. Because Plaintiff defaulted on the first loan, on December 15, 2008, a Notice of Default was recorded with the Los Angeles Recorder's Office ("LARO"). Chase RJN, Ex. 3. On January 16, 2009, Chase assigned the DOT to Cal Western. Chase RJN, Ex. 4 (substitution of trustee); Ex. 5 (assignment of DOT to Cal Western). On March 1, 2009, a Notice of Trustee's Sale, which was scheduled to take place on April 6, 2009, was recorded with LARO, Chase RJN, Ex. 6.

Plaintiff alleges that on or about April 1, 2009, Chase informed Plaintiff's agent that the April 6, 2009 trustee's sale would be postponed until May 1, 2009 based on pre-qualification for a loan modification under the "Making Home Affordable Program" ("MHAP") Compl. ¶ 7. Plaintiff alleges she relied on this representation. *Id.*, ¶ 8. Plaintiff further alleges Chase prepared and sent a MHAP modification trial period plan dated April 28, 2009, which was accepted by Plaintiff, who paid Chase the first trial plan payment ($1,331.24) via Western Union. Compl. ¶ 9.

Despite the modification agreement executed by Chase, the trustee's sale was conducted by the trustee, Cal Western, as scheduled on April 6, 2009. Compl. ¶ 4. As a result of the trustee's sale, on April 17, 2009, the DOT was assigned to Freddie Mac and a Trustee's Deed Upon Sale was recorded. Chase RJN, Ex. 7 (assignment of DOT to Freddie Mac); Compl., Ex. A (Trustee's Deed Upon Sale, showing conveyance from Cal Western to Freddie Mac).

**III. LEGAL STANDARD FOR A MOTION TO DISMISS**

A complaint may be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must

---

[3] The Court takes judicial notice of this and the other loan documents because they are a matter of public record.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2542 AHM (RCx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | MARGARITA JUAREZ v. FEDERAL HOME LOAN MORTGAGE CORPORATION | | |

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S.—, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. (internal quotation marks and ellipsis omitted).

The plausibility standard articulated in *Twombly* and *Iqbal*, requires that a complaint plead facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (internal citation, alteration, and quotation marks omitted); *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.")(citing *Iqbal*, 129 S.Ct. at 1949).

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-323 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1950. A complaint filed *pro se*, however, is "to be liberally construed," and "however inartfully pleaded,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2542 AHM (RCx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | MARGARITA JUAREZ v. FEDERAL HOME LOAN MORTGAGE CORPORATION | | |

must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Fed. R. Civ. P. 9(b) imposes a heightened pleading standard for claims of fraud. Rule 9(b) provides: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b) "ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *See Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1986); *Schreiber Dist. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986). In order to comply with Rule 9(b), the pleader must allege the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *See Schreiber*, 806 F.2d at 1401. In addition, the pleader must explain why the alleged statement or omission was false or misleading *when made. See In re Glenfed Inc. Securities Litig.*, 42 F.3d 1541, 1548-49 (9th Cir. 1994) (*en banc*). Although a pleader can satisfy this burden by pointing to inconsistent statements contemporaneously made by the defendant or information contemporaneously known to the defendant, the fact that the defendant's previous statement is different from his subsequent statement or conduct is *not* a satisfactory explanation for why the defendant's previous statement was false. *Id.* at 1548-49; *Smith v. Allstate Ins. Co.*, 160 F.Supp.2d 1150, 1153 (S.D. Cal. 2001) ("As a consequence of [Rule 9(b)], the plaintiff is precluded from simply pointing to a defendant's statement, noting that the content of the statement conflicts with the current state of affairs, and then concluding that the statement in question was false when made.")

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

## IV.   DISCUSSION

   A.   **Plaintiff's Conversion Claim (First Cause of Action) is Dismissed with Leave to Amend.**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2542 AHM (RCx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | MARGARITA JUAREZ v. FEDERAL HOME LOAN MORTGAGE CORPORATION | | |

This claim is alleged against all defendants.

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or a right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1065 (Ct. App. 1998). However, conversion is a tort that only applies to personal property, and not to real property. *Salma v. Capon*, 161 Cal. App. 4th 1275, 1295 (Ct. App. 2008).

Plaintiff specifically describes the personal property that was allegedly converted (the first installment payment to Chase) with the required particularity, although the complaint is vague as to when that payment was made. She also describes why receipt and conversion of that money was wrongful. But the conversion cause of action is against all defendants, and moving defendant Freddie Mac is correct that as currently pled there are no facts establishing that it received that money or otherwise would be liable for conversion. Therefore, the Court dismisses the conversion claim with leave to amend as against Freddie Mac if Plaintiff can allege the facts required under the pleading standards.

### B. Plaintiff's Fraudulent Misrepresentation Claim is Dismissed with Leave to Amend.

This claim is against Chase only.

For a claim of fraud to be actionable, there must be an allegation of

"(1) a false representation, actual or implied, or the concealment of a matter of fact, material to the transaction, made falsely; (2) knowledge of the falsity, or statements made with such disregard and recklessness that knowledge is inferred; (3) intent to induce another into relying on the representation; (4) reliance by one who has a right to rely; and (5) resulting damage."

*Ach v. Finkelstein*, 264 Cal. App. 2d 667, 674 (Ct. App. 1968).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2542 AHM (RCx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | MARGARITA JUAREZ v. FEDERAL HOME LOAN MORTGAGE CORPORATION | | |

In her complaint, Plaintiff does not meet the federal pleading standards required in cases of fraud Fed. R. Civ. P. 9(b). In particular, for example, she does not specifically identify the representative of Chase who made these statements, that such person knew they were false, that it was intended that plaintiff be deceived, etc. Therefore, the Court dismisses the fraudulent misrepresentation claim with leave to amend such that Plaintiff can allege the facts required under the pleading standards.

### C. Plaintiff's Cancellation of Instrument Claim (Third Cause of Action) is Dismissed with Leave to Amend.

This claim is against all defendants.

Plaintiff alleges that a deed conveying ownership of the real property from Cal-Western to Freddie Mac is void and should be cancelled.

There is a common law presumption of the validity of a trustee's sale to a bona fide purchaser, and to overcome such a presumption on equitable grounds, the plaintiff needs to allege that she suffered an injury or was prejudiced by such a sale. *Stevens v. Plumas Eureka Mining Co.*, 2 Cal. 2d 493 (1935). In addition, a plaintiff is required to offer tender for the full amount owed to sustain a cause of action in regards to any aspect of the sales procedure. *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (Ct. App. 1996); *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (Ct. App. 1971). This tender rule applies even if the plaintiff was induced by fraudulent misrepresentations of the defendant. *Fleming v. Kagan*, 189 Cal. App. 2d 791, 796 (Ct. App. 1961). Furthermore, a mistake that occurs outside the foreclosure proceeding itself does not provide a reason to invalidate the trustee's sale. *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 441 (Ct. App. 2003).

Here, the Plaintiff has failed to allege either that she can make tender for the amount owed, even the amount called for by the MHAP plan, or that there was a mistake in the foreclosure proceeding itself. Therefore, the Court dismisses the cancellation of instrument claim with leave to amend such that Plaintiff can allege the facts required to state a claim for cancellation of instrument.

### D. Plaintiff's Claim for Quiet Title (Fourth Cause of Action) is Dismissed

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2542 AHM (RCx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | MARGARITA JUAREZ v. FEDERAL HOME LOAN MORTGAGE CORPORATION | | |

**with Leave to Amend.**

This cause of action is against Chase and Freddie Mac.

In order to state a claim for quiet title, the complaint must be (1) verified, (2) describe the property, (3) state the title for which a determination is desired, (4) state the claims against which a determination is desired, (5) state the date as of which the determination is desired, and (6) have a prayer of relief as to the determination of the title. Cal. Civ. Proc. Code. § 761.020. A plaintiff must also have legal title to the subject property, *Lewis v. Superior Court*, 30 Cal. App. 4th 1850, 1866 (Ct. App. 1994), and must tender the debt owed, *Shimpones v. Stickney*, 219 Cal. 637 (1934).

Here, Plaintiff has failed to allege ability tender. Plaintiff failed to comply with requirements 1, 3, 4 and 5. Therefore, the Court dismisses the quiet title claim with leave to amend such that Plaintiff can allege the facts required under the pleading standards.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss with leave to amend. Plaintiff is required to file her First Amended Complaint by August 16, 2010. Failure to file an amended complaint by that date will be construed as consent to the dismissal of the action.

The Court ORDERS both Freddie Mac and Chase to serve this order on Plaintiff at her last known address and file declarations attesting to that service by August 4, 2010.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |